```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                       :
DB STRUCTURED PRODUCTS, INC.,                          :
                                                       :  Civil Action No.:
                Plaintiff,                             :  07 CV 4126 (DLC) (KNF)
                                                       :
        -- against --                                  :
                                                       :
BAYROCK MORTGAGE                                       :
CORPORATION,                                           :
                                                       :
                Defendant.                             :
                                                       :
-------------------------------------------------------x
```

## ANSWER

Defendant Bayrock Mortgage Corporation ("Bayrock"), by its attorneys, and for its answer to Plaintiff DB Structured products, Inc.'s ("DB") Complaint, alleges as follows:

1. Bayrock avers that the allegations in paragraph 1 of the Complaint contain a legal conclusion as to which no admission or denial is required, and to the extent that an admission or denial is required, Bayrock admits that the Complaint alleges a diversity of citizenship and a controversy exceeding $75,000 in value.

2. Bayrock avers that the allegations in paragraph 2 of the Complaint contain a legal conclusion as to which no admission or denial is required, and to the extent that an admission or denial is required, Bayrock admits that the Complaint alleges that venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

3. Bayrock denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and on that basis, denies each and every allegation therein.

4. Bayrock admits that it is a corporation organized and existing under the laws of the State of Georgia, and that it maintains offices at 11575 Great Oaks Way, Alpharetta, Georgia.

5. Bayrock admits that, on or about November 29, 2004, it entered into a Seller Loan Purchase Agreement with DB (the "Purchase Agreement"), avers that the Purchase Agreement speaks for itself, and denies each and every other allegation contained in paragraph 5 of the Complaint.

6. Bayrock avers that the Purchase Agreement speaks for itself, and denies each and every other allegation contained in paragraph 6 of the Complaint.

7. Bayrock avers that the Purchase Agreement speaks for itself, and denies each and every other allegation contained in paragraph 7 of the Complaint.

8. Bayrock admits entering into letter agreements with DB (the "Letter Agreements"), avers that the Letter Agreements speak for themselves, and denies each and every other allegation contained in paragraph 8 of the Complaint.

9. Bayrock avers that the Letter Agreements speak for themselves, and denies each and every other allegation contained in paragraph 9 of the Complaint.

10. Bayrock admits that, from time to time, it offered to sell, and DB agreed to purchase certain mortgage loans (the "Mortgage Loans"), that the sale of the Mortgage Loans were governed by the terms of the Letter Agreements and the Deutsche Bank Correspondent Lending Seller Guide (the "Seller Guide"), and avers that these documents speak for themselves.

11. Bayrock avers that the Agreements and Seller Guide speak for themselves, and denies each and every other allegation contained in paragraph 11 of the Complaint.

12. Bayrock avers that the Seller Guide speaks for itself, and denies each and every other allegation contained in paragraph 12 of the Complaint.

13. Bayrock avers that the Letter Agreements and Seller Guide speak for themselves, and deny each and every other allegation contained in paragraph 13 of the Complaint.

14. Bayrock avers that the Purchase Agreement and Seller Guide speak for themselves, and deny each and every other allegation contained in paragraph 14 of the Complaint.

15. Bayrock admits that, on or about May 3, 2007, DB sent it a demand letter (the "Demand Letter"), and avers that the Demand Letter speaks for itself.

16. Bayrock admits that, on numerous occasions, it received e-mails and other communications from DB regarding the status of certain Mortgage Loans, and denies each and every other allegation contained in paragraph 16 of the Complaint.

17. Bayrock admits that it has not repurchased any of the subject loans referred to in paragraph 17 of the Complaint, avers that the remaining allegations contained in that paragraph consist of legal conclusions as to which no response is required, and deny each and every other allegation contained therein.

18. Bayrock denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and on that basis, denies each and every allegation contained therein.

19. Bayrock denies each and every allegation contained in paragraph 19 of the Complaint.

20. Bayrock denies each and every allegation contained in paragraph 20 of the Complaint.

21. Bayrock avers that the Purchase Agreement speaks for itself, and denies each and every other allegation contained in paragraph 21 of the Complaint.

22. Bayrock avers that the Seller Guide speaks for itself, and denies each and every other allegation contained in paragraph 22 of the Complaint.

23. Bayrock denies each and every allegation contained in paragraph 23 of the Complaint.

24. Bayrock avers that the Purchase Agreement and Sellers Guide speak for themselves, and denies each and every other allegation contained in paragraph 24 of the Complaint.

25. Bayrock avers that the written agreements between it, on the one hand, and DB, on the other hand, speak for themselves, avers that the remaining allegations contained in paragraph 25 of the Complaint contain legal conclusions which require neither an admission or a denial, and denies each and every other allegation contained therein.

26. Bayrock avers that the written agreements between it, on the one hand, and DB, on the other hand, speak for themselves, avers that the remaining allegations contained in paragraph 26 of the Complaint contain legal conclusions which require neither an admission or a denial, and denies each and every other allegation contained therein.

27. Bayrock repeats and realleges its responses to paragraphs 1 through 26 above as if each were fully set forth herein.

28. Bayrock avers that the written agreements between it, on the one hand, and DB, on the other hand, speak for themselves, avers that the remaining allegations contained in paragraph 28 of the Complaint contain legal conclusions which require neither an admission or a denial, and denies each and every other allegation contained therein.

29. Bayrock admits the allegations contained in paragraph 29 of the Complaint.

30. Bayrock admits that it did not repurchase the subject loans referred to in paragraph 30 of the Complaint.

31. Bayrock denies each and every allegation contained in paragraph 31 of the Complaint.

32. Bayrock repeats and realleges its responses to paragraphs 1 through 31 above as if each were fully set forth herein.

33. Bayrock admits that it sold the loans referred to in paragraph 33 of the Complaint to DB, and that the purchase price was paid in full.

34. Bayrock denies each and every allegation contained in paragraph 34 of the Complaint.

35. Bayrock denies each and every allegation contained in paragraph 35 of the Complaint.

36. Bayrock repeats and realleges its responses to paragraphs 1 through 35 above as if each were fully set forth herein.

37. Bayrock avers that the written agreements between it, on the one hand, and DB, on the other hand, speak for themselves, avers that the remaining allegations contained in paragraph 28 of the Complaint contain legal conclusions which require neither an admission or a denial, and denies each and every other allegation contained therein.

38. Bayrock denies each and every allegation contained in paragraph 38 of the Complaint.

39. Bayrock denies each and every allegation contained in paragraph 39 of the Complaint.

40. Bayrock repeats and realleges its responses to paragraphs 1 through 39 above as if each were fully set forth herein.

41. Bayrock avers that the allegations contained in paragraph 41 of the Complaint consist of conclusions of law which require neither an admission nor a denial, and to the extent they require an admission or denial, Bayrock denies each and every allegation therein.

42. Bayrock avers that the allegations contained in paragraph 42 of the Complaint consist of conclusions of law which require neither an admission nor a denial, and to the extent they require an admission or denial, Bayrock denies each and every allegation therein.

43. Bayrock denies each and every allegation contained in paragraph 43 of the Complaint.

44. Bayrock denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint, and on that basis, denies each and every allegation therein.

45. Bayrock admits that it is able to perform its contractual obligations to DB, and denies each and every other allegation contained in paragraph 45 of the Complaint.

46. Bayrock denies each and every allegation contained in paragraph 46 of the Complaint.

47. Bayrock admits that DB has demanded that it repay the subject loans referred to in paragraph 47 of the Complaint, but denies that it is obligated to do so.

48. Bayrock denies each and every allegation contained in paragraph 48 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

49. The Complaint should be dismissed in its entirety because it fails to state a claim for relief.

**SECOND AFFIRMATIVE DEFENSE**

50. Each and every claim for relief is barred by the doctrine of waiver and estoppel.

**THIRD AFFIRMATIVE DEFENSE**

51. Each and every claim for relief is barred by the doctrine of equitable estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

52. Each and every claim for relief is barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

53. Each and every claim for relief is barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

54. At least five of the subject Mortgage Loans have been paid in full.

### SEVENTH AFFIRMATIVE DEFENSE

55. Plaintiff is barred from relief because of its own prior breaches of the contracts at issue.

### EIGHTH AFFIRMATIVE DEFENSE

56. Plaintiff is barred from relief because Defendant denies that the remaining 106 subject loans are in early payment default ("EPD").

### NINTH AFFIRMATIVE DEFENSE

57. Plaintiff has breached its agreements with Defendant by negligently servicing the subject loans.

**WHEREFORE,** Bayrock respectfully requests that the Court enter an order: (a) dismissing the Complaint in its entirety; (b) ordering that Plaintiff take nothing by way of its Complaint; (c) awarding Bayrock its costs in defending this action, including reasonable attorneys' fees; and (d) awarding Bayrock such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 31, 2007

FEDER, KASZOVITZ, ISAACSON
WEBER, SKALA, BASS & RHINE LLP

By: _____/s/_____
Ezio Scaldaferri (ES-4516)
David Sack (DS-6532)
750 Lexington Avenue
New York, New York 10022
Telephone: (212) 888-8200

Of Counsel:

Gary C. Harris, Esq.
P.O. Box 1190
Clayton, Georgia 30525
Telephone: (706) 782-2227

Attorneys for Defendant